**WO**

NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| BALIS W. KELLEY, | ) | No. CV-07-8153-PCT-GMS |
| Plaintiff, | ) ) | **ORDER** |
| vs. | ) ) | |
| CITY OF LAKE HAVASU, a governmental entity, | ) ) ) | |
| Defendant. | ) ) ) | |

Pending before the Court is Defendant's Motion for Summary Judgment. (Dkt. # 92.) For the following reasons, the Court grants the Motion.[1]

## BACKGROUND

In August 2006, the City of Lake Havasu ("the City") hired Balis Kelley ("Plaintiff") as a part-time Unicom operator for the Lake Havasu City Airport. Plaintiff was seventy-years-old at the time. Stan Usinowicz, who was sixty-six-years-old, was the City's community services director and approved the hiring.

---

[1] Defendant's request for oral argument is denied because the parties have had an adequate opportunity to discuss the law and evidence and oral argument will not aid the Court's decision. *See Lake at Las Vegas Investors Group, Inc. v. Pac. Malibu Dev.*, 933 F.2d 724, 729 (9th Cir. 1991).

As a Unicom operator, Plaintiff was responsible for assisting pilots via radio communication, operating the radio and recorder, logging contacts, responding to pilot requests, researching Federal Aviation Regulations, compiling summary reports, and assisting during emergency operations.

In December 2006, the City posted a job opening for an airport division manager. The job posting listed the following "special requirements" for the position:

> Possession of or ability to obtain a valid Arizona's driver's license. Knowledge of FAA Grant application process, FAR Part 139, and TSA Regulation 1542 required. American Association of Airport Executives (AAAE) and/or Accredited Airport Executive (AAE) accreditation preferred.

(Dkt. # 93, Ex. 5.) Plaintiff was one of forty-seven applicants. Although Plaintiff's application did not explain his FAR Part 139 experience, his resume listed his nine-year tenure as the Parker Airport manager, during which time he allegedly worked to obtain an FAR Part 139-certification for the Parker Airport. Plaintiff's application, however, did not explain this or any other FAR Part 139 experience, and the Parker Airport had never been officially certified under FAR Part 139. This was Plaintiff's only prior experience in airport management.

Mr. Usinowicz and Hal Wight, chairman of the Airport Advisory Board, reviewed the applications and chose four candidates to interview. All of the candidates selected for interviews delineated their FAR Part 139 experiences in their applications. A panel composed of Mr. Usinowicz, Mr. Wight, and Gary Kellogg, the City's Director of the Partnership for Economic Development, conducted interviews. Upon Mr. Usinowicz's recommendation, the panel approved R. Steven Johnston, whom the city manager officially hired. Mr. Johnston had over twenty years of experience in airport management. This included experience with FAR Part 139 certification, knowledge of TSA Regulation 1542, and ongoing study for AAAE accreditation.

Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on May 8, 2007. Plaintiff asserted the City's decision not to hire him was discriminatory, but he did not allege to the EEOC any other claims of discrimination.

The EEOC dismissed Plaintiff's claims and sent him his right-to-sue letter. Plaintiff then filed this lawsuit, alleging violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621, *et seq.*

**DISCUSSION**

**I.     Summary Judgment Standard**

Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, shows "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Substantive law determines which facts are material, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see Jesinger v. Nev. Fed. Credit Union*, 24 F.3d 1127, 1130 (9th Cir. 1994).

The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Then, the burden is on the nonmoving party to establish a genuine issue of material fact. *Id.* at 322–23. The nonmoving party "may not rest upon the mere allegations or denials of [the party's] pleadings, but . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *see Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

In addition, the dispute must be genuine, that is, the evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. Because "[c]redibility determinations, the weighing of evidence, and the drawing of inferences from the facts are jury functions, not those of a judge, . . . [t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor" at the summary judgment stage. *Id.* at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)); *Harris v. Itzhaki*, 183 F.3d 1043, 1051 (9th Cir. 1999) ("Issues of credibility, including questions of intent, should be left to the jury.") (citations omitted).

## II. Plaintiff Has Not Established an ADEA Disparate Treatment Violation.

The parties do not seem to agree on the appropriate law. Both sides appear to intertwine arguments from multiple rules. But in any event, Plaintiff cannot establish an ADEA violation.

### A. *McDonnell Douglas* after *Gross*

Disparate treatment exists when "the employer simply treats some people less favorably than others because of their . . . protected characteristics." *Enlow v. Salem-Keizer Yellow Cab Co.*, 389 F.3d 802, 812 (9th Cir. 2004) (internal quotations and alterations omitted). Historically, a plaintiff could survive summary judgment on an ADEA claim either by (1) producing direct evidence of discrimination or (2) by satisfying the test from *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).[2] *Id.* Plaintiff does not assert he has met the independent direct evidence test. Rather, to the extent Plaintiff brings forth any evidence of discrimination, he offers it only to rebut the City's proffered nondiscriminatory explanations under the *McDonnell Douglas* test, as discussed *infra*.

The Ninth Circuit has consistently applied the *McDonnell Douglas* test to ADEA claims based on circumstantial evidence. *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008); *Enlow*, 389 F.3d at 812; *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1280–81 (9th Cir. 2000); *Lindahl v. Air France*, 930 F.2d 1434, 1437 (9th Cir. 1991). Under the *McDonnell Douglas* test, an "employee must first establish a prima facie case of age discrimination." *Diaz*, 521 F.3d at 1201. After the prima facie case, the burden "shift[s] to the employer to articulate some legitimate, nondiscriminatory reason for the employee's rejection." *Id.* (citing *McDonnell Douglas*, 411 U.S. at 802). Finally, "the burden shifts back to the plaintiff to show that the employer's reason was pretext for discrimination[,]" which

---

[2] "Direct evidence . . . is defined as evidence of conduct or statements by persons involved in the decision-making process that may be viewed as directly reflecting the alleged discriminatory attitude . . . sufficient to permit the *fact finder* to infer that the attitude was more likely than not a motivating factor in the employer's decision." *Enlow*, 389 F.3d at 812 (internal quotations omitted).

he or she may do "either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." *Id.* (citing *McDonnell Douglas*, 411 U.S. at 804, *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 256 (1981)).

Recently, the Supreme Court decided *Gross v. FBL Fin. Servs., Inc.* 129 S.Ct. 2343 (2009). That case held that a plaintiff "must prove, by a preponderance of the evidence, that age was the 'but for' cause of the challenged adverse employment action." *Id.* at 2352. The Court explained that the ADEA does not authorize discrimination claims based on mixed motives, i.e. claims that adverse employment actions occurred "because of both permissible and impermissible considerations." *Id.* at 2347. In so holding, the Supreme Court noted that the burden-shifting test from *Price Waterhouse v. Hopkins*, 490 U.S. 228 (1989), does not apply to ADEA claims. *Id.* at 2351–52. Under *Price Waterhouse*, after a plaintiff has produced some evidence that age was a motivating factor in the employer's decision, the burden shifts to the employer to show that it would have taken the same action regardless. 490 U.S. at 258. In discussing *Price Waterhouse*, *Gross* noted that the "Court has never held that this burden-shifting framework applies to ADEA claims[,] [a]nd, we decline to do so now." 129 S.Ct. at 2349.

Because *Gross* analyzed only the *Price Waterhouse* burden-shifting test, it is unclear what effect *Gross* had on the *McDonnell Douglas* test. The Court noted that it "has not definitively decided whether the evidentiary framework of *McDonnell Douglas* . . . is appropriate in the ADEA context." *Id.* at 2351 n. 2. The Ninth Circuit has not decided the issue, but the majority of other courts have held that, while *Gross* now requires an ADEA plaintiff to demonstrate that discrimination was the but-for cause of the adverse employment action, *see generally id.*, the *McDonnell Douglas* framework remains instructive upon summary judgment in ADEA cases.[3] *See Leibowitz v. Cornell Univ.*, — F.3d —, 2009 WL

---

[3] This distinction is appropriate because, as Justice White explained, "'mixed-motives' cases, such as [the one in *Price Waterhouse*], are different from pretext cases such as

- 5 -

3403147 (2d Cir. Oct. 23, 2009) (citing *Gross*, but applying *McDonnell Douglas*); *Velez v. Thermo King de P.R., Inc.*, — F.3d —, 2009 WL 3321454 at *2 (1st Cir. Oct. 16, 2009) (citing the "but-for" requirement and holding that "ADEA plaintiffs who do not have 'smoking gun' evidence may nonetheless prove their cases by using . . . *McDonnell Douglas*"); *Connolly v. The Pepsi Bottling Group, LLC*, 2009 WL 3154445 at *2–3 (3d Cir. Oct. 2, 2009) (citing *Gross* and applying *McDonnell Douglas*); *Cervantes v. KMGP Servs. Co.*, 2009 WL 2957297 at *3 (5th Cir. Sept. 16, 2009) (citing *Gross*, but applying *McDonnell Douglas* because the plaintiff's claim was based on circumstantial evidence); *Geiger v. Tower Auto.*, 579 F.3d 614, 622 (6th Cir. 2009) (applying *McDonnell Douglas* because "[w]hile *Gross* specifically rejected the burden-shifting framework for claims of direct evidence . . . the Supreme Court expressly declined to decide whether the *McDonnell Douglas* test applies to the ADEA"); *Guinto v. Exelon Generation Co., LLC*, 2009 WL 2502099 at *4 (7th Cir. Aug. 18, 2009) (citing the "but-for" test, but explaining that *McDonnell Douglas* is still instructive on summary judgment); *Markell v. Kaiser Found. Health Plan of N.W.*, 2009 WL 3334897 at *5 (D. Or. Oct. 15, 2009) (same); *Ferruggia v. Sharp Elecs. Corp.*, 2009 WL 2634925 at *3 (D. N.J. Aug. 25, 2009) (citing various district court opinions and noting that "[t]he majority of courts . . . continue to apply the *McDonnell Douglas* framework at the summary judgment stage while also recognizing that at trial the plaintiff bears the burden of persuasion to prove that discrimination was the but for cause of the adverse employment action"); *see also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142 (2000) (applying *McDonnell Douglas* to an ADEA claim because the parties did not dispute its applicability); *but see Zhang v. Honeywell Intern., Inc.*, 2009 WL 3175063 at *4 (D. Ariz. Sept. 29, 2009) (finding *McDonnell Douglas* no longer applies to ADEA claims because *Gross* stated that the "Court has never held that this burden-shifting

---

*McDonnell Douglas* . . . ." *Price Waterhouse*, 490 U.S. at 260 (J. White, concurring). "In pretext cases, the issue is whether either illegal or legal motives, but not both, were the 'true' motives behind the decision . . . . In mixed-motives cases, however, there is no one 'true' motive behind the decision." *Id.* (internal quotations omitted).

framework applies to ADEA claims[,] [a]nd, we decline to do so now"). The Court, therefore, follows the majority trend and applies *McDonnell Douglas* in this case.

    **B.**  **Under *McDonnell Douglas*, Plaintiff Has Not Shown an ADEA Violation.**

  A prima facie case of disparate treatment requires demonstrating the following: (1) the plaintiff was a member of the protected class (over the age of 40); (2) the plaintiff applied for and was qualified for the position; (3) the plaintiff suffered an adverse employment action, such as denial of a position; and (4) the employer hired substantially younger applicants with equal or inferior qualifications instead. *See Coleman*, 232 F.3d at 1281 (9th Cir. 2000) (discussing elements in the context of termination); *see also Lindahl*, 930 F.2d at 1437 (noting that the test is flexible and adaptable to each case's unique facts). Here, several facts are undisputed. Plaintiff was a member of the protected class because he was seventy-years-old when he began working for the City. He also applied to be the Airport Division Manager and suffered an adverse employment action when the City rejected his application and hired someone twenty years younger.

  The City contends that Plaintiff did not meet his prima facie case because the City hired a candidate with superior credentials, and not someone with merely equal or inferior qualifications. The City hired Mr. Johnston, who had over twenty years of airport-management experience, which was over ten years more than Plaintiff had. Mr. Johnston also explained his extensive FAR Part 139 knowledge on his application, whereas Plaintiff did not. Although Plaintiff's experience at the Parker Airport and his Regulation 1542 Certificate might have given him some FAR Part 139 knowledge, Plaintiff failed to demonstrate this knowledge to the decision-makers. In addition to his FAR Part 139 knowledge, Mr. Johnston had knowledge of Regulation 1542 and had performed substantial work toward his AAAE accreditation. Where the preferred candidate has superior qualifications, a Plaintiff fails to establish a prima facie case of discrimination. *Freund v. Sierra Pac. Res.*, 319 Fed.Appx. 636, 638 (9th Cir. 2009). Here, a reasonable jury could not find that Mr. Johnston had equal or inferior qualifications to Plaintiff.

Even if Plaintiff had met his prima facie case, however, the City has demonstrated a legitimate, nondiscriminatory reason for rejecting Plaintiff. Basing a hiring decision on a plaintiff's objective qualifications is a legitimate, nondiscriminatory reason. *See Lindahl*, 930 F.2d at 1438 (holding employer had a nondiscriminatory reason for refusing to hire the plaintiff where the plaintiff lacked requisite computer and leadership qualifications). Although the City's briefing is somewhat unclear, the City's nondiscriminatory reason for hiring Mr. Johnston, rather than Plaintiff, was that Mr. Johnston appeared more qualified in his application. He outlined his FAR Part 139 experience, had over twenty years of airport-management experience, and explained all his other qualifications either in his application packet or in his interview. Unlike the four applicants who received interviews, Plaintiff chose not to put any information about his FAR Part 139 experience on his application, even though this was an explicit job requirement. To the resume reviewers, therefore, Plaintiff did not appear to be one of the top four candidates in the pool of forty-seven applicants.[4]

Because the City has shown a nondiscriminatory purpose for rejecting Plaintiff's application, the burden shifts back to Plaintiff to show that the City's proffered reason was pretext. Evidence that the decision-maker was biased may show the employer's purported nondiscriminatory reasons were pretext. *See Reeves*, 530 U.S. at 151–52 (holding employer was biased based, in part, on the *hirer's statements* that the plaintiff "was so old [he] must have come over on the Mayflower" and that he "was too damn old to do [his job]") (emphasis added). But "'stray' remarks are insufficient to establish discrimination." *Merrick v. Farmers Ins. Group*, 892 F.2d 1434, 1438 (9th Cir. 1990); *see also Nidds v. Schindler Elevator Corp.*, 113 F.3d 912, 918–19 (9th Cir. 1996) (affirming summary judgment where supervisor had said he wanted to get rid of the "old timers" because the comment was not tied directly to the adverse employment action and was ambiguous); *Nesbit v. Pepsico, Inc.*, 994 F.2d 703, 705 (9th Cir. 1993) (affirming summary judgment where the plaintiff's

---

[4] The City also notes the application did not include Plaintiff's age or birth date, but this is only minimally relevant because Mr. Usinowicz, who ran the hiring process, had independent knowledge of Plaintiff's age.

supervisor said "[w]e don't necessarily like grey hair" and "[w]e don't want unpromotable fifty-year olds around" because those comments represented "at best weak circumstantial evidence of discriminatory animus" and because the statements were "very general and did not relate in any way" to the adverse employment action).

In this case, there is no evidence that Mr. Usinowicz was biased when making hiring decisions. Plaintiff asserts that Mr. Usinowicz *overheard* and laughed at another employee making age-based jokes, but there is no evidence that Mr. Usinowicz made such statements himself. To the extent Plaintiff argues that the Court could infer Mr. Usinowicz's discriminatory animus based on his passive laughter, this constitutes at most "stray remarks" that are insufficient to show pretext as a matter of law. Further, Plaintiff offers no facts tying the comments directly to the hiring decision. Additionally, Mr. Usinowicz held a meeting to introduce Mr. Johnston as the new Airport Division Manager. During the meeting, Mr. Usinowicz looked at Plaintiff and said multiple times that "age was not a factor" in the hiring decision. Plaintiff contends that such statements could be inferred to mean that age actually was a factor, but Plaintiff offers no evidence why this statement was ironic or untruthful. And even if Plaintiff had presented evidence of irony, it would be nothing more than a stray remark that is insufficient evidence of animus.

In addition to direct evidence of bias, a plaintiff may rebut an employer's nondiscriminatory reasons by showing he or she received worse treatment than less qualified and younger employees received. *See Jackson v. Shell Oil Co.*, 702 F.2d 197, 201 (9th Cir. 1983) (holding pretext existed where a less qualified and younger employee received preferential treatment). Evidence that the decision-makers did not actually consider a plaintiff's purported lack of qualifications also suggests pretext. *See Lindahl*, 930 F.2d at 1438 (finding pretext in-part because decision-makers did not consider all qualifications).

In this case, Plaintiff contends that he was more qualified than Mr. Johnston and that Mr. Johnston's application omitted prerequisite qualifications. Comparing the application packets, however, a reasonable jury could not conclude that the City's reasons were pretext. Mr. Johnston had over twenty years of airport-management experience, compared to

1  Plaintiff's nine years.  Mr. Johnston also explained his extensive FAR Part 139 knowledge
2  on his application, whereas Plaintiff did not.  Even if Mr. Usinowicz independently knew
3  about Plaintiff's prior experience, he should not be charged with guessing the extent of
4  Plaintiff's FAR Part 139 knowledge while reviewing forty-seven applications.  This is
5  especially true because the Parker Airport was never a FAR Part 139-certified airport during
6  Plaintiff's tenure.  Plaintiff offers no foundation for his blanket assertion that "[a]nyone in
7  the aerospace industry . . . would have known" about his FAR Part 139 knowledge.  *See*
8  *Schroeder*, 55 F.3d at 460 (requiring foundation for evidence at summary judgment).

9  Plaintiff also notes he had a TSA Regulation 1542 certification, while Mr. Johnston
10 did not.  Plaintiff misstates the job requirements.  The position announcement stated,
11 "*Knowledge* of FAA Grant application process, FAR Part 139, and TSA Regulation 1542
12 required." (Dkt. # 94) (emphasis added).  Plaintiff, however, offers no admissible evidence
13 that Mr. Johnston lacked all requisite knowledge.  Plaintiff contends that the position
14 required a TSA Regulation *certificate*, but the job announcement's plain language requires
15 only knowledge of TSA Regulation 1542.  Plaintiff offers deposition testimony from people
16 who were uninvolved in the hiring decisions; their speculation that the true job requirements
17 were somehow different is insufficient to show pretext.

18 Plaintiff also possessed AAAE and AAE accreditations, while Mr. Johnston did not,
19 but this was not a job requirement.  The job announcement lists AAAE and AAE
20 accreditation "preferred," in contrast to other requirements (like FAR Part 139 knowledge)
21 that are "required."  Even so, Mr. Johnston was working toward his AAAE accreditation at
22 the time of the interview.[5]

---

[5] Plaintiff asserts Mr. Johnston "lied" in his application about his AAAE accreditation. Regardless of the application, however, Mr. Usinowicz discovered Mr. Johnston had been studying for AAAE accreditation for two years.

Furthermore, Plaintiff offers testimony from Roi Ann Saunders and Shirley Hughes that Plaintiff was not interviewed because of his age.[6] "To function as an opposing affidavit, however, the verified complaint must be based on personal knowledge and set forth specific facts admissible in evidence." *Schroeder v. McDonald*, 55 F.3d 454, 460 (9th Cir. 1995). Ms. Saunders and Ms. Hughes lack foundation for these statements; Plaintiff presents no facts indicating that either Ms. Saunders or Ms. Hughes read any applications, knew details about any other applicants' qualifications, or knew a substantial amount about the hiring process. Likewise, although the former airport division manager, Mr. Swendra, stated that he might not have hired Mr. Johnston, Mr. Usinowicz's contrary decision is not necessarily discriminatory. Moreover, Mr. Swendra did not review the applications, and Plaintiff establishes no foundation for Mr. Swendra's statement.

Even if it was a close case as to whether Plaintiff showed pretext, the same actor inference negates Plaintiff's contention. "[W]here the same actor is responsible for both the hiring and the firing of a discrimination plaintiff, and both actions occur within a short period of time, a strong inference arises that there was no discriminatory motive." *Bradley v. Harcourt, Brace & Co.*, 104 F.3d 267, 270–71 (9th Cir. 1996). The inference is based upon the principle that an employer's initial desire to hire an employee is "strong evidence that the employer is not biased against the protected class to which the employee belongs." *Coghlan v. Am. Seafoods Co.*, 413 F.3d 1090, 1096 (9th Cir. 2005); *see also Diaz*, 521 F.3d at 1209 (holding that where employer hired older employees three to five years before firing them, a strong inference against discrimination existed); *Lowe v. J.B. Hunt Transp., Inc.*, 963 F.2d

---

[6] Plaintiff contends Ms. Saunders was the "Acting Interim Airport Division Manager" and that Ms. Hughes was the "Airport Coordinator." These titles are misleading, as the City points out their duties were largely clerical. Plaintiff's statement of facts refers to Ms. Saunders as an "Administrative Specialist," and Ms. Hughes's deposition says she works as a "clerical office aid" who reports to the airport manager. Plaintiff contends Ms. Saunders and Ms. Hughes "ran" the airport when the division manager was absent, but Plaintiff does not cite to the record for this proposition.

173, 175 (8th Cir. 1992) (finding it "simply incredible" that an employer would discriminate against older people less than two years after hiring a member of that group). A plaintiff can defeat the same-actor inference only with an "extraordinarily strong showing of discrimination." *Coghlan*, 413 F.3d at 1097.

Here, Mr. Usinowicz hired Plaintiff on the City's behalf only four months before rejecting Plaintiff's application for Airport Division Manager. If the same-actor inference applies after several years between employment actions, it applies with even greater force here where only four months had passed because it is highly unlikely Mr. Usinowicz developed age-related bias against Plaintiff in that short a period. Plaintiff asserts the inference is inapplicable or weaker where, as here, the initial hiring was only for a part-time position, but the adverse employment action related to a full-time position. Plaintiff cites no case, and the Court is aware of none that would limit the same actor inference in this way. And even if the inference is slightly weaker, Plaintiff still cannot overcome the inference for the reasons discussed above.

As discussed above, Plaintiff cannot rebut the City's legitimate and nondiscriminatory reason for refusing to hire Plaintiff—Plaintiff appeared less qualified than Mr. Johnston did (at least on their paper applications). The same-actor inference thus negates Plaintiff's disparate treatment claim.

**III. Plaintiff is precluded from asserting only separate *claims* of discrimination that he failed to set forth in his EEOC Charge of Discrimination**.

This Court may consider only "any charges of discrimination that are like or reasonably related to the allegations made in the EEOC charge, or that fall within the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Deppe v. United Airlines*, 217 F.3d 1262, 1267 (9th Cir. 2000) (internal quotations and citations omitted). Discrete adverse employment actions, such as refusal to promote, are not like or reasonably related to separate allegations of harassment or hostile work environments. *See Ong v. Cleland*, 642 F.2d 316 (9th Cir. 1981) (finding discrimination in promotion was not like or reasonably related to a claim of constructive discharge).

Here, Plaintiff's EEOC Charge of Discrimination states:

> In December 2006, Lake Havasu City post[ed] a job announcement for an Airport Division Manager position. A younger, less qualified candidate was selected for the position. I have reason to believe that I was not hired because of my age.
>
> I believe I have been discriminated against because of my age, in violation of the Age Discrimination in Employment Act of 1967, as amended.

Plaintiff's briefings, however, discuss discrimination external from the City's refusal to hire Plaintiff. For example, Plaintiff makes references to allegedly-discriminatory statements by management.

Plaintiff concedes that he does not seek independent causes of action based on other discriminatory acts. Plaintiff contends, nonetheless, that he can use these other assertions as "evidence to establish a pattern of discrimination" for his existing failure-to-promote claim. The Court need not decide whether Plaintiff may do so because, as discussed above, Plaintiff fails to establish a claim even considering all his contentions.

## CONCLUSION

Plaintiff has not created a genuine issue of material fact as to whether age was the but-for cause of his adverse employment action and likewise has failed to satisfy the *McDonnell Douglas* test.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Summary Judgment (Dkt. # 92) is **GRANTED**.

**IT IS FURTHER ORDERED** directing the Clerk of the Court to terminate this action.

DATED this 1st day of December, 2009.

_____
G. Murray Snow
United States District Judge